Mr. Justice Clayton
delivered the opinion of the court.
The first point relied on to produce a reversal in this case, is the refusal of the 'court to change the venue, upon the ground that the defendants were resident freeholders of a county different from that in which the suit was pending. The original defendant had died during the pendency of the action, and this was a scire facias against his representatives to bring them in as parties. The affidavit, oh which the application was founded, is not made a part of the record by bill of exceptions; the point is not therefore presented in a manner which authorizes this court to consider of it.
The next point is that a deposition taken de bene esse, was read in chief upon the trial, without proof of the inability of the witness to attend in person. This objection is not shown to have been made in the court below, nor was the point reserved by bill of exceptions. The deposition was read without opposition, the court was not required to pass upon it, and we cannot permit the objection now for the first time taken, to prevail. If urged at a proper time and in no way obviated, it would have been fatal; but it might very probably have been’ cured in the court below, if it had been there suggested.
It is lastly insisted that the judgment is against the defendants individually and not in their representative capacity. If this be true in point of fact, the cause must be reversed, for a judgment entered against an executor generally, or de bonis propriis, is erroneous. 2 Lomax on Ex. 443; Hill v. Robison, 2 S. & M. 541. The verdict finds that the decedent, in his lifetime, assumed and promised to pay,” and the judgment is “ that the plaintiffs do have and recover of and from the defendants, administrator and administratrix de bonis non of said deceased as aforesaid.” It is very manifest that upon this judgment no execution could legally issue to be levied upon the proper goods of the defendants, but only upon those which they held in their representative character. In Hoggatt v. Montgomery, 6 How. 93, the court say “the judgment was rendered against the defendant generally, omitting the words “ as administrator,” and this was decided to be erroneous. But *117 from the language employed, the inference is, that the addition of those words would have rendered the judgment good. Some cases have gone so far as to hold that their omission is a mere clerical error, which may be amended, after the record has been removed by writ of error, and the cause argued in the court of error. Short v. Coffin, 5 Burr. 2. But we have not gone so far upon the subject of amendment. 2 S. & M. 541.
This judgment, in our view, however, can only be regarded as a judgment against the defendants in their representative character. They were not before the court in any other capacity. 6 How. 351; 7 How. 200. No execution could issue upon it against them individually ; because in terms, it is against them as administrator and administratrix. We come, therefore, to the conclusion that there is no error in the form of the judgment, and that the same must be in all things affirmed.
Judgment affirmed.
Mr. Justice Thaoher, having been of counsel, gave no opinion.